UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIO F. RAMIREZ )<br>)<br>Plaintiff, )<br>) CIVIL ACTION NO. 1:19-cv-11179<br>v. )<br>)<br>)<br>INNOVATIVE CONTRACTING )<br>SERVICES INC, )<br>MICHAEL BETTENCOURT, )<br>EMANUEL COELHO. )<br>)<br>Defendants. ) | |

## COMPLAINT AND JURY DEMAND

### Introduction

1.  Plaintiff Mario F. Ramirez ("Plaintiff" or "Ramirez") brings this action to recover overtime pay for work that he performed for Defendants, Innovative Contracting Services Inc., Michael Bettencourt, and Emanuel Coelho (collectively referred to herein as "Defendants"). Ramirez worked for Defendants between approximately May 2010 and March 11, 2019. Throughout this time period, Defendants regularly and deliberately failed to pay Plaintiff overtime pay required by law. Defendants provided Ramirez with a paycheck and a corresponding paystub for 40 hours of work each week and provided him a separate personal check with pay for hours worked beyond 40 per week. He was paid at straight wages on both checks and never received overtime pay as required by law. In addition, Defendants willfully and intentionally lied to and misled Plaintiff about his eligibility for overtime pay, including during a group meeting with coworkers.

2.      As a result, Ramirez brings this action seeking his wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and under M. G. L. c. 149, § 148, and M. G. L. c. 151, §1A. Plaintiff seeks, among other forms of relief, statutory trebling of damages, liquidated damages, equitable tolling, interest, and attorneys' fees and costs, as provided for by law.

## Parties

3.      Plaintiff Mario F. Ramirez is an adult resident of Chelsea, Massachusetts. He worked for Defendants as a carpenter and construction worker from in or around April 2010 until in or around March 11, 2019.

4.      Defendant Innovative Contracting Services Inc. ("ICS") is a Massachusetts corporation incorporated at 19 Bonner Ave, Medford, Massachusetts, according to records with the Massachusetts Secretary of State's office. According to those same documents, ICS' primary place of business is located at 323 Commercial Street, Malden, Massachusetts.

5.      Defendant Michael Bettencourt currently resides at 19-21 Bonner Ave., Medford, Massachusetts, according to records with the Middlesex County Registry of Deeds. As reflected in corporate records filed with the Massachusetts Secretary of State's Office, he is President and Treasurer of Innovative Contracting Services Inc. Mr. Bettencourt, along with Defendant Coelho, substantially or exclusively controls ICS' policies and practices with respect to the payment of wages, including the policies and practices challenged in this case.

6.      On information and belief, Defendant Emanuel Coelho currently resides at 51 Hawthorne Street, Malden, Massachusetts. On information and belief, he is a manager of

ICS and, along with Defendant Bettencourt, substantially or exclusively controls ICS' policies and practices with respect to the payment of wages, including the policies and practices challenged in this case.

7.      During the relevant time period, ICS was an enterprise engaged in interstate commerce under the Fair Labor Standards Act (FLSA) and the regulations interpreting the FLSA.

8.      On information and belief, Defendants maintained annual gross sales of at least $500,000 during the relevant time period.

9.      Defendants regularly transacted business in this district during the relevant time period.

10.     Plaintiff has received permission to file a Private Right of Action from the Massachusetts Office of the Attorney General. A copy of this authorization, dated April 30, 2019, is attached as Exhibit 1.

### Jurisdiction and Venue

11.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

12.     This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

13.     Defendants have their principal place of business in the District of Massachusetts and otherwise conduct business in this District and are therefore subject to personal jurisdiction in this District.

14.     Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391, because Defendants are subject to personal jurisdiction in this District and because a

substantial part of the acts or omissions giving rise to the claims addressed in this action occurred in this District.

## Factual Allegations

15. Plaintiff worked as a carpenter and construction worker for Defendants from in or about May 2010 to in or about March 11, 2019, when he was terminated.

16. Plaintiff was most recently paid $18 per hour.

17. Plaintiff regularly worked more than 40 hours per week throughout his employment – generally between 60 and 80 hours from 2010 through 2017 and between 50 and 70 hours between 2018 and 2019.

18. Plaintiff received a payroll check for wages for 40 hours of work per week at the end of each pay period from Defendant ICS.

19. Plaintiff also received a separate personal check, generally from Defendant Coelho and drawn from Defendant Coelho's bank account, containing pay for hours worked above 40 per week. Many checks contained, in the "memo" section, an accounting of hours worked above 40.

20. Plaintiff was often paid $1.25 per hour less for hours worked above 40 per week – meaning that, during the weeks, not only did Defendants not pay the required overtime premium under the law, but Defendants also did not pay proper straight time wages for those hours worked over 40.

21. Throughout the entirety of the Plaintiff's employment at ICS, Defendants willfully concealed from the Plaintiff his statutory right to overtime pay by:

    a. Paying his weekly wages in a combination of a paycheck and a personal check without providing an accurate payslip, check stub, or envelope showing all of the

    following information: the name of the employer, the name of the employee, the day, month, year, number of hours worked, hourly rate, and the amounts of deductions or increases, as required by M.G.L. c. 149, § 148; and

b. Failing to conspicuously post the Workplace Notice of Massachusetts wage and hour laws or any notice of the Fair Labor Standards Act's minimum wage provisions, as required by 29 C.F.R. § 516.4, M.G.L. c. 151, § 16, and 455 CMR 2.06(1).

c. Overtly telling the Plaintiff that he was not entitled to overtime pay. In 2013, Plaintiff and some of his coworkers approached Coelho to ask why they were not being paid overtime and why they were even being paid at a lower rate for hours worked past 40 per week. Coelho responded that the company took out taxes from the second personal checks for hours worked above 40 per week. He also told Plaintiff and his coworkers that if they were unhappy with the pay, they could quit.

22. Plaintiff has received permission to file a Private Right of Action from the Massachusetts Office of the Attorney General. A copy of this authorization, dated April 30, 2019, is attached as Exhibit 1.

## COUNT I
### FAILURE TO PAY OVERTIME – FAIR LABOR STANDARDS ACT

23. Defendants violated 29 U.S.C. § 207(a) by failing to pay Plaintiff overtime compensation at one-and-a-half times his regular hourly rate for hours worked in excess of 40 hours per week.

24. Defendants' violations of 29 U.S.C. § 207(a) were repeated, willful, and intentional.

25. Plaintiff has been damaged by these violations of 29 U.S.C. § 207(a).

26. Pursuant to 29 U.S.C. § 207(a) and § 216(b), Defendants are liable to Plaintiff for the full amount of his unpaid overtime compensation, in an amount to be determined at trial, plus an additional equal amount as liquidated damages, plus the costs and reasonable attorneys' fees incurred by Plaintiff in bringing this action.

## COUNT II
### FAILURE TO PAY OVERTIME – MASSACHUSETTS LAW

27. Defendants violated M. G. L. c. 151, § 1A by failing to pay Plaintiff overtime compensation at one-and-a-half times his regular hourly rate for hours worked in excess of 40 hours per week.

28. Plaintiff has been damaged by these violations of M. G. L. c. 151, § 1A.

29. Defendants are liable to Plaintiff pursuant to M. G. L. c. 151, § 1A for the full amount of overtime wages owed, in an amount to be determined at trial, plus mandatory treble damages, costs, interest, and attorneys' fees.

## Count III
### NONPAYMENT OF WAGES – MASSACHUSETTS LAW

30. Defendants violated the Massachusetts Wage Act, M. G .L. c. 149, § 148, by failing to pay on a timely basis all wages due, to Plaintiff.

31. Plaintiff has been damaged by these violations of M. G. L. c. 149, § 148.

32. Defendants are liable to Plaintiff pursuant to M. G. L. c. 149, § 150 for or the full amount of the wages owed, in an amount to be determined at trial, plus mandatory treble damages, costs, interest, and attorneys' fees.

## **Prayer for Relief**

WHEREFORE, Plaintiff requests that this Court enter the following relief:

A. Determine the damages sustained by Plaintiff as a result of Defendants' violations of federal and state employment laws, including the Fair Labor Standards Act, the Massachusetts Wage Act, and other federal and state laws, rules, and regulations, and award those damages against Defendants in favor of Plaintiff, plus additional liquidated and treble damages and interest as provided for by law;

B. Equitably toll the relevant limitations period pursuant to the discovery rule and all other reasons deemed just;

C. Award Plaintiff costs of this suit, including, without limitation, reasonable attorneys' fees; and

D. Any other or further relief as the Court may deem just and proper.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL CLAIMS SO TRIABLE

MARIO F. RAMIREZ,

By his attorney,

/s/ James van Wagtendonk

James van Wagtendonk
(BBO #704020)
Greater Boston Legal Services
197 Friend Street,
Boston, MA 02114
jvanwagtendok@gbls.org
617-603-1613

Dated: May 24, 2019

# EXHIBIT 1



THE COMMONWEALTH OF MASSACHUSETTS
OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108

MAURA HEALEY
ATTORNEY GENERAL

(617) 727-2200
(617) 727-4765 TTY
www.mass.gov/ago

Attorney James van Wagtendonk
Greater Boston Legal Services
197 Friend Street
Boston, MA 02114

April 30, 2019

RE: Mario Ramirez
Request for Private Right of Action against Innovative Contracting Services

Dear Attorney Wagtendonk:

Thank you for contacting the Office of the Attorney General's Fair Labor Division.

Massachusetts General Laws Chapter 149, § 150, and Chapter 151, §§ 1B and 20 establish a private right of action for employees who believe they are victims of certain violations of the state wage laws.

This letter is to inform you that we are authorizing you to pursue this matter through a private civil lawsuit. If you elect to sue in civil court, you may bring an action on your own or your clients' behalf, and on behalf of other similarly situated workers.

This office will not pursue an investigation or enforcement at this time.

Sincerely,

Fair Labor Division
Office of Attorney General Maura Healey
(617) 727-3465